This is an appeal from a final judgment adjudging the appellant guilty of manslaughter, and the appellant assigns as error the trial court's order denying the appellant's motion for a new trial.
When all the evidence is considered together with the motions for new trial, it appears that there is serious doubt as to whether the guilt of the defendant-appellant was established beyond and to the exclusion of every reasonable doubt and, when the motions for new trial are considered, it appears that a new trial should be granted.
In passing, it is observed that in the trial of a homicide in a case like this, where there are several witnesses, a fairer administration of justice might be had by first establishing such fact and then asking the witness to state in his own words just what happened.
Two such questions were asked in this case, to wit:
"Q. Tell us just what happened and how the shooting took place."
"Q. What happened."
When it is developed from the witness stand that a witness testifying in an eyewitness and the proponent fails to ask such question at an early stage of the interrogation, the trial judge could with much propriety give such directions to the witness.
A witness, by giving a narrative of what he witnessed, will aid the jury and all concerned in understanding the "whole truth." The unnecessary interrogation of eyewitnesses to occurrences by questions minutia in nature is hard on the witness as well as the jury and trial judge. Questions as to minor details might better follow after the witness has been allowed to state in his own way what he saw and heard.
Ordinarily, an eyewitness to a shooting affray need not be guided by the interrogator. In the administration of justice it is of greater interest and service to hear what the witness has to say as to what he has heard and seen when the number of questions is reduced to a minimum.
TERRELL and HOBSON, JJ., concur. *Page 548